Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YOLANDA TARR,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT,** |
| | ) **ROSENTHAL FAIR DEBT** |
| **CREDIT PROTECTION** | ) **COLLECTION PRACTICES ACT,** |
| **ASSOCIATION, L.P.,** | ) **AND TELEPHONE CONSUMER** |
| | ) **PROTECTION ACT** |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

Complaint - 1

Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.  Plaintiff, Yolanda Tarr ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.  At all relevant times herein, Defendant, Credit Protection Association, L.P., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about May, 2011, Defendant began calling Plaintiff on her cell phone in attempt to collect an alleged debt. Defendant called Plaintiff several times a week, and generally called Plaintiff after 7:00 p.m. On several occasions, Defendant called Plaintiff after 9:00 p.m.

7. Defendant used an automated dialing system to call Plaintiff. Defendant used that system to leave voicemails for Plaintiff. Defendant's automated system does not identify Defendant by name, nor is the name of a caller provided. Defendant merely provides an account number and a phone number in order for Plaintiff to return Defendant's call.

8. On June 1, 2011, a written request for verification and notice of representation by counsel was sent to Defendant. On June 15, 2011, a second letter was sent to Defendant by Plaintiff's counsel. However, Defendant contacted Plaintiff directly after the letters were sent.

9. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

e) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2); and

f) Initiating communications, other than statements of account, with Plaintiff with regard to the consumer debt, where the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt, and such notice included the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, and where the attorney has not failed to answer correspondence, return telephone calls, or discuss the obligation in question. (Cal Civ Code § 1788.14(c)).

10. Defendant conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

As a result of the above violations of the FDCPA, RFDCPA, and TCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

11.   Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Declaratory judgment that Defendant's conduct violated the FDCPA;
B.   Actual damages;
C.   Statutory damages;
D.   Costs and reasonable attorney's fees; and,
E.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

12.   Plaintiff reincorporates by reference all of the preceding paragraphs.

13.   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

14. Further, §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;
    B.    Actual damages;
    C.    Statutory damages for willful and negligent violations;
    D.    Costs and reasonable attorney's fees,
    E.    For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the TCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this 24th day of August, 2011.

By: <u>s/Todd M. Friedman</u>
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff